Slip Op. 10-91

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES**,<br><br>                    Plaintiff,<br><br>        v.<br><br>**TIP TOP PANTS, INC.**,<br><br><br>                    Defendant. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 07-00171** |

### OPINION AND ORDER

[Denying plaintiff's motion for partial reconsideration]

Dated: August 13, 2010

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*David M. Hibey* and *Meredyth C. Havasy*); *Chris Yokus*, Office of the Assistant Chief Counsel, United States Customs and Border Protection, of counsel, for plaintiff.

*Ballon Stoll Bader & Nadler, P.C.* (*Vano I. Haroutunian*) for defendant.

Stanceu, Judge:  Plaintiff brought this action under Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2006) ("Section 592"), to recover from defendant Tip Top Pants, Inc. ("Tip Top") a civil penalty of $55,636.90 and duties of $1,640.53, plus interest, for alleged material false statements or acts, or material omissions, made in connection with a single entry of apparel made in 2002.  Compl. ¶¶ 1, 3-4, 8.  On January 13, 2010, the court denied plaintiff's motion for summary judgment, concluding that plaintiff failed to show that it cured the "apparent procedural defect" resulting from the failure of United States Customs and Border Protection

("Customs" or "CBP") to issue "a written statement setting forth the final determination and the

findings of fact and conclusions of law" in response to Tip Top's petition for remission and

mitigation of the penalty as required by Section 592.[1]  *United States v. Tip Top Pants, Inc.*,

34 CIT __, __, Slip Op. 10-5, at 9-10 (Jan. 13, 2010) ("*Tip Top I*").  On February 12, 2010,

plaintiff filed a USCIT Rule 59 motion ("Reconsideration Motion") for reconsideration of the

denial of its motion for summary judgment on the grounds that no procedural violation occurred

and, alternatively, that any procedural violation that did occur should be disregarded because Tip

Top failed to demonstrate substantial prejudice.  Pl.'s Mot. for Partial Reconsideration 1-3

("Reconsideration Mot.").  Defendant opposes this motion on various grounds.  Def.'s Opp'n to

Pl.'s Mot. for Partial Reconsideration 2 ("Def.'s Opp'n").  The court concludes that the

Reconsideration Motion must be denied because plaintiff has failed to demonstrate that the court

erred in denying plaintiff's summary judgment motion.

## I. BACKGROUND

The background of this case is set forth in detail in the court's previous Opinion and

Order, *Tip Top I*, 34 CIT at __, Slip Op. 10-5, at 2-8, and is summarized more generally herein.

### A.  The Entry of the Merchandise for Consumption in 2002

Plaintiff's penalty claim is based on a single consumption entry filed by Tip Top with

Customs in 2002 at Laredo, Texas for a shipment from Mexico of 954 dozen men's denim cotton

---

[1] The court also denied plaintiff's motion for summary judgment against co-defendant Saad Nigri.  *United States v. Tip Top Pants, Inc.*, 34 CIT __, __, Slip Op. 10-5, at 20 (Jan. 13, 2010) ("*Tip Top I*").  The court, *sua sponte*, dismissed Mr. Nigri from this lawsuit.  *Id.* Plaintiff's motion for partial reconsideration addresses only the court's denial of summary judgment against Tip Top Pants, Inc.  *See* Pl.'s Mot. for Partial Reconsideration 1 ("Reconsideration Mot.").

shorts and pants and 960 dozen boys' denim cotton shorts, with an entered value of $215,398 and

a date of entry of May 24, 2002.  Pl.'s Mot. for Summ. J. app. at 25-28 ("Pl.'s Mot.") (setting

forth the entry summary form and commercial invoices); Pl.'s Statement of Material Facts

pursuant to Rule 56(h)(1) ¶¶ 1-2, 7 ("Pl.'s Statement of Material Facts").  Tip Top entered the

goods under subheading 6203.42.4050, Harmonized Tariff Schedule of the United States (2002)

("HTSUS") for the men's apparel items and Subheading 6203.42.4060, HTSUS for the boys'

shorts.  Pl.'s Mot. app. at 25-26.  Both provisions were subject to a General (Most Favored

Nation ("MFN")) duty rate of 16.8% *ad valorem*; goods classified thereunder that qualified as

originating goods under the North American Free Trade Agreement ("NAFTA") Implementation

Act, as provided for in General Note 12, HTSUS, were eligible for duty-free tariff treatment.

Subheading 6203.42.40, HTSUS; General Note 12, HTSUS.  The entry summary form does not

appear to indicate a claim for the NAFTA tariff preference and instead claims duty-free tariff

treatment under Subheading 9802.00.9000, HTSUS.[2]  Pl.'s Mot. app. at 25-26.

> B.  The Customs Form 28 Request for Information and the Customs Form 29 Notice of
> Proposed Action

On November 19, 2002, Customs issued to Tip Top a request ("Customs Form 28") for

various documentation pertaining to the entry.  Pl.'s Statement of Material Facts ¶¶ 3-4; Pl.'s

Mot. app. at 10-11.  After Tip Top did not respond to the Customs Form 28, Customs, on

January 16, 2003, issued a notice of proposed action ("Customs Form 29") stating that it was

proposing to disallow Tip Top's duty-free claim under Subheading 9802.00.9000, HTSUS due to

---

[2] Subheading 9802.00.9000 provided duty-free treatment for apparel goods assembled in
Mexico from fabric components wholly formed and cut in the United States, subject to certain
conditions.  Subheading 9802.00.9000, Harmonized Tariff Schedule of the United States (2002)
("HTSUS"); *see* Chapter 98, Subchapter II, U.S. Note 4, HTSUS.

Tip Top's failure to respond to the Customs Form 28 and allowing Tip Top 20 days to supply the

documentation previously requested.  Pl.'s Statement of Material Facts ¶¶ 3-4; Pl.'s Mot. app.

at 12.  The Customs Form 29 also states that "[t]his office will be disallowing all 9802.00.9000

claims, and duties will be assessed at the general rate of duty.  Your firm has made false claims

under this program and is subject to possible penalties."  Pl.'s Mot. app. at 12.

<u>C.  The Administrative Penalty and Protest Proceedings</u>

Customs issued a pre-penalty notice to Tip Top on May 7, 2003, citing "material false

statements, acts and/or omissions," "HTS 9802.00.9000," an alleged degree of culpability of

negligence, and a proposed penalty of $55,636.90, which it described as "two (2) times the

potential loss of revenue."  Pl.'s Mot. app. at 14; Pl.'s Statement of Material Facts ¶ 5.  As the

basis for the contemplated penalty, the pre-penalty notice cited only one fact, Tip Top's failure to

respond to the Customs Form 28 "requesting documentation to substantiate the 9802 claim."

Pl.'s Mot. app. at 14.  Even though the notice was a pre-penalty notice, and not a claim for

penalty, the notice stated: "Importer has failed to respond resulting in entry being rate advanced

in the sum of $27,818.45 and penalty assessment."  *Id.*  Tip Top filed a response to the pre-

penalty notice on June 26, 2003.  Pl.'s Mot. app. at 15-20; Pl.'s Statement of Material Facts ¶ 6.

Among other arguments, the response claimed that the apparel items on the entry at issue "were

. . . entered duty-free as products of Mexico eligible for duty-free treatment under the provisions

of the North American Free Trade Agreement ('NAFTA')" and that "[t]he entry in question was

filed on the basis of a NAFTA blanket Certificate of Origin, covering the period of January 1,

2002 through December 31, 2002."  Pl.'s Mot. app. at 17.

Following the liquidation of the entry on April 4, 2003, Tip Top filed a protest and

request for further review on June 30, 2003.  *Id.* app. at 76-82.  The protest contested "the

decision of Customs to deny duty-free treatment to the merchandise imported and entered under

the captioned entry under HTSUS subheading 9802.00.9000, and under subheadings

6203.42.4050 [or] 6203.42.4060, as qualifying products of Mexico under NAFTA" and the

assessment of duties at 16.8% *ad valorem*.  *Id.* app. at 77.  The submissions of the parties do not

indicate whether Customs has ruled on the protest.

Customs issued a penalty claim for $55,636.90 on a Customs Form 5955A dated

October 6, 2003 and a cover letter dated October 7, 2003.  Pl.'s Mot. app. at 60-62; Pl.'s

Statement of Material Facts ¶ 9.  The notice of penalty stated that Tip Top "entered or caused to

be entered merchandise into the commerce of the United States by means of material false

statements, acts and/or omissions."  Pl.'s Mot. app. at 62.  The notice of penalty cited, as the

reason for the "penalty assessment," Tip Top's failure to respond to the Customs Form 28.  *Id.*

The cover letter stated as the basis for the assessment of a penalty that

> [a]lthough the entry is being protested, and you claim a correct NAFTA
> Certificate of Origin submitted [*sic*], we find that the failure to provide the
> Certificate within the time allowed is material to the orderly and proper
> assessment and collection of duties by Customs and Border Protection and
> demonstrates negligence.

*Id.* app. at 60.

On November 4, 2003, Tip Top filed with Customs a petition seeking cancellation or

substantial mitigation of the penalty.  Pl.'s Mot. app. at 63-70 (setting forth *Letter from Follick &*

*Bessich to Bureau of Customs & Border Prot.* 1-8 (Nov. 4, 2003) ("Petition")); Pl.'s Statement of

Material Facts ¶ 10.  Among other arguments, Tip Top stated that the failure to respond to the

Customs Form 28 was the fault of its freight forwarder, South Texas International ("STI") of

Laredo, Texas, upon whom Tip Top relied to maintain the required records and respond to the

request for information.  Pl.'s Mot. app. at 65-67 (Petition 3-5).  It also argued that the

merchandise at issue qualified for duty-free treatment under Subheading 9802.00.9000, HTSUS,

that documentation, although filed late, established that the merchandise was entitled to duty-free

tariff treatment, and that Tip Top had claimed duty-free entry under NAFTA on the basis of facts,

circumstances, and documents (albeit late filed) that supported such entry.  *Id.* app. at 66-68

(Petition 4-6).  Although arguing that no penalty was warranted, *id.* app. at 68 (Petition 6), it also

argued that any penalty should be canceled or substantially mitigated because of Tip Top's

excellent compliance record, because this was Tip Top's first experience with importing

merchandise duty-free under NAFTA, and because of Tip Top's reliance "upon professionals,

customs brokers and freight forwarders who held themselves out as qualified and informed in

handling NAFTA importations and their documentary requirements."  *Id.* app. at 69 (Petition 7).

The documentation submitted as evidence in support of plaintiff's motion for summary judgment

contains no written decision by Customs responding to the arguments in Tip Top's Petition.

Plaintiff's appendix contains a second Customs Form 5955A dated January 9, 2006, *id.*

app. at 121, that plaintiff describes as an "amended penalty notice."  Pl.'s Statement of Material

Facts ¶ 12.  The text substantively is the same as the penalty notice dated October 6, 2003, except

that the following sentence was added: "The fact that the fabric was cut and assembled in Mexico

disqualifies you from claiming 9802.00.9000; therefore, your HTS 9802.00.9000 claim was

false."  *Compare* Pl.'s Mot. app. at 121 *with id.* app. at 62.  In July 2006, Tip Top paid Customs

$33,842.45.  Pl.'s Statement of Material Facts ¶ 13; Pl.'s Mot. app. at 122-23.

### D.  Judicial Proceedings

On May 18, 2007, plaintiff commenced this action to recover a penalty and additional duties.  Summons; Compl. ¶ 1.  On June 9, 2009, defendants moved to dismiss the complaint as to Mr. Nigri for failure to state a claim upon which relief can be granted.  Notice of Mot. to Dismiss the Compl. against Sadi Nigri for Failure to State a Claim upon which Relief Can Be Granted pursuant to USCIT R. 12(b)(5), at 1 ("Mot. to Dismiss").   Two days later, plaintiff moved for summary judgment against both defendants for a civil penalty of $55,636.90 and unpaid duties and interest of $1,640.53, for which it alleges a degree of culpability of negligence. Pl.'s Mot. 13.

The court's previous Opinion and Order denied plaintiff's motion for summary judgment, dismissed Mr. Nigri as a defendant, and directed counsel for plaintiff, in consultation with counsel for defendant, to submit a proposed schedule for the remainder of the proceedings.  *Tip Top I*, 34 CIT at __, Slip Op. 10-5, at 20.  Instead of responding to the order to submit a proposed schedule, plaintiff moved on February 12, 2010 for partial reconsideration of the court's denial of its motion for summary judgment pursuant to USCIT Rule 59.  Reconsideration Mot.  On March 8, 2010, defendant filed its response opposing plaintiff's motion for partial reconsideration.  Def.'s Opp'n.  On March 26, 2010, plaintiff moved for leave to file a reply to defendant's opposition.  Pl.'s Unopposed Mot. for Leave to File Reply in Supp. of its Mot. for Reconsideration; Pl.'s Reply in Supp. of its Mot. for Partial Reconsideration ("Pl.'s Reply").

## II. Discussion

USCIT Rule 59 provides a rehearing "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  USCIT Rule 59(a)(1)(B).  The granting or

denying of a motion for reconsideration lies within "the sound discretion of the court." *United*

*States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 336, 601 F. Supp. 212, 214 (1984). "The major

grounds justifying reconsideration are an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest injustice." *Royal Thai*

*Gov't v. United States*, 30 CIT 1072, 1074, 441 F. Supp. 2d 1350, 1354 (2006) (internal

quotation marks and citation omitted). The purpose of reconsideration is "to direct the Court's

attention to some material matter of law or fact which it has overlooked in deciding a case, and

which, had it been given consideration, would probably have brought about a different result."

*Target Stores, Div. of Target Corp. v. United States*, 31 CIT 154, 159, 471 F. Supp. 2d 1344,

1349 (2007) (quoting *Agro Dutch Indus. Ltd. v. United States*, 29 CIT 250, 254 (2005)).

In support of its motion, plaintiff argues that "the Court misapprehended the facts

concerning the administrative proceedings in this matter, and this reconsideration is necessary to

prevent manifest injustice." Reconsideration Mot. 2. As facts claimed to have been

misapprehended by the court, plaintiff states that the court's Opinion and Order "does not take

into account [1] that CBP amended its original penalty notice to Tip Top altering the original

basis for penalty; [2] that Tip Top never formally responded to the amended penalty; and, [3] that

Tip Top has never contended that CBP failed to follow administrative procedures."[3] *Id.* at 3.

---

[3] The alleged fact that "Tip Top never formally responded to the amended penalty" and
the alleged fact that "Tip Top has never contended that CBP failed to follow administrative
procedures" are not included in plaintiff's Rule 56(h)(1) statement of material facts. *See* Pl.'s
Statement of Material Facts. Because the motion now before the court is a motion for
reconsideration, the court is not required to consider new factual assertions plaintiff makes for
the first time. But as discussed *infra*, these allegations, even if assumed to be true, do not address
the problem that the procedure followed by Customs was in violation of statutory and regulatory
requirements.

Plaintiff's argument that the court did not take into account the "amended penalty notice"

altering the original basis for penalty," *id.*, is incorrect.  The court discussed that document in its

Opinion and Order.  *Tip Top I*, 34 CIT at __, Slip-Op. 10-5, at 9.  Although plaintiff alleged in

support of summary judgment that "CBP amended its original penalty notice to Tip Top altering

the original basis for penalty," Reconsideration Mot. 3, the court correctly held that plaintiff

failed to put forth facts by which the court could conclude that the issuance of this document

cured the apparent procedural defect.  *Tip Top I*, 34 CIT at __, Slip-Op. 10-5, at 9.  As the court

stated, "[i]f agency action on Tip Top's Petition was still pending at the time Customs issued the

second Customs Form 5955A, and if no decision under 19 U.S.C. § 1618 was ever issued, then

the requirements of the statute and the regulations were not satisfied."  *Id.* at __, Slip-Op. 10-5,

at 9-10.  Plaintiff's argument that the court failed to consider what plaintiff terms as the

"amended penalty notice" is incorrect in assuming that the second Customs Form 5955A was

issued in accordance with law, even though Customs was obligated instead to issue a written

decision on the mitigation petition.

Plaintiff argues, further, that "[b]ecause the second notice effectively superseded the

original notice and was based upon a different legal principle, it follows then that CBP had no

obligation to file a written response to Tip Top's mitigation claim concerning the original

notice."  Reconsideration Mot. 6.  This argument is refuted by the statute and the Customs

regulations.  The latter direct that "[i]f a petition for relief relates to a violation of section[ ] 592

. . . , the petitioner *will be* provided with a written statement setting forth the decision on the

matter and the findings of fact and conclusions of law upon which the decision is based."

19 C.F.R. § 171.21 (2009) (emphasis added).  Neither the statute nor the regulation provides an

exception under which Customs, instead of issuing the written statement required by

Section 592(b)(2) and 19 C.F.R. § 171.21, may issue a document purporting to bring an

"amended" penalty claim alleging a different violation, even though the petition that is the

subject of § 171.21 has been timely filed.  *See* 19 U.S.C. § 1592(b); 19 C.F.R. § 171.21.

As support for its conclusion that Customs had no obligation to respond to Tip Top's

petition, plaintiff explains that "[i]n September 2005, the Office of Rules & Regulations

("OR&R") at CBP requested that Laredo Fines, Penalties & Forfeiture ("FP&F") amend the

penalty notice because, as Tip Top contended, the original penalty notice did not allege an

offense."  Reconsideration Mot. 5.  The Reconsideration Motion further states that

"[a]ccordingly, OR&R gave FP&F the option of either cancelling the penalty, amending the

penalty to state that Tip Top filed a false 9802.00.9000 entry, or issuing a 19 U.S.C. § 1509(g)

penalty in lieu of, or in addition to, a 19 U.S.C. § 1592 penalty" and that "FP&F elected to amend

the penalty notice to state that Tip Top filed a false entry."  *Id.*

Although plaintiff admits that Customs determined, as Tip Top had contended, that what

Customs alleged in the penalty notice issued under Section 592(b)(2) was not a violation of

Section 592,[4] the Reconsideration Motion fails to appreciate the significance of this point.

Plaintiff admits, in effect, that Customs had reached the conclusion of law that its claim of a

violation of Section 592, as stated in the penalty notice, was invalid.  At that point, Customs was

---

[4] The alleged failure of Tip Top to respond to the Customs Form 28  which was the
violation claimed in the penalty notice (and also the pre-penalty notice)  was not a violation of
Section 592.  The cover letter to the penalty claim refers to an alleged failure by Tip Top to
submit a requested NAFTA Certificate of Origin within the time allowed.  Pl.'s Mot. for Summ.
J. app. at 60.  The latter allegation also was insufficient under Section 592 and is puzzling in that
the entry summary does not appear to indicate a claim for the NAFTA preference.  *See id.* app.
at 25-26.

required to set forth "the decision on the matter," 19 C.F.R. § 171.21, including in particular the

negative conclusion of law it had reached, in the written statement required by Section 592(b)(2),

thus bringing to an end the "proceeding under such section 1618" to which Section 592(b)(2)

refers. 19 U.S.C. § 1592(b)(2). As plaintiff admits in its Reconsideration Motion, no such

statement was ever issued.

       Plaintiff's argument that the court's Opinion and Order "does not take into account . . .

that Tip Top never formally responded to the amended penalty," Reconsideration Mot. 3, is also

meritless. In support of this argument, plaintiff submits that "Tip Top's failure to respond to the

amended notice vitiated any obligation for CBP [ ] to issue a written report pursuant to

section 1618." *Id.* at 6. This argument wrongly presumes that Tip Top somehow was obligated

to respond to the second Customs Form 5955A even though the issuance of that document was in

violation of law.

       Plaintiff's related argument that the court's Opinion and Order "does not take into

account that . . . Tip Top has never contended that CBP failed to follow administrative

procedures," *id.* at 3, is not a basis for reconsideration of the denial of plaintiff's summary

judgment motion. Plaintiff is not entitled to summary judgment unless the pleadings and related

submissions on file demonstrate that there is no genuine issue of material fact and that plaintiff is

entitled to judgment as a matter of law. USCIT Rule 56(c). From the facts plaintiff has put forth

thus far, the court cannot conclude, for purposes of satisfying the standard for summary

judgment, that Customs has adhered to statutory and regulatory procedures that would allow

recovery of a civil penalty on the Section 592 claim at issue in this case.

Similarly, plaintiff argues that "[e]ven assuming that CBP should have issued a written response, Tip Top has failed to proffer any evidence that it suffered substantial prejudice" and that, in any event, no prejudice occurred because Tip Top, having paid most of the duties without complaint and having participated in this litigation, received adequate notice of the CBP claims. Reconsideration Motion 7; *see* Pl.'s Reply 2-5. Plaintiff relies on *Dixon Ticonderoga Co. v. United States*, 468 F.3d 1353 (Fed. Cir. 2006), and *PAM, S.p.A. v. United States*, 463 F. 3d 1345 (Fed. Cir. 2006), for the proposition that any procedural error that occurred, which plaintiff submits would be harmless, did not invalidate the agency's action. *Id.* These two cases, each of which involves procedures under statutes other than Section 592, are not on point. In *Dixon*, the issue before the Court of Appeals for the Federal Circuit was whether the late publication by Customs of a Notice of Intent to Distribute prejudiced Dixon's right to file a timely application for distributions under the Continued Dumping and Subsidy Offset Act ("CDSOA"). *Dixon*, 468 F.3d at 1354-55. In *PAM*, at issue was whether PAM, a foreign pasta exporter, was required to show substantial prejudice in challenging the failure to serve it with a domestic pasta producer's request for administrative review in response to antidumping orders by the United States Department of Commerce. *PAM*, 463 F. 3d at 1346-47.

Plaintiff also argues that "CBP's actions may not be set aside where the error was harmless or the defendant was given sufficient opportunity to be heard," citing *United States v. Rotek, Inc.*, 22 CIT 503 (1998), *United States v. JAC Natori Co.*, 17 CIT 348, 821 F. Supp. 1514 (1993), and *United States v. Obron Atl. Corp.*, 18 CIT 771, 862 F. Supp. 378 (1994). Reconsideration Mot. 7-8. These cases, although involving Section 592, also are inapposite. All involve the refusal by Customs to rule on a supplemental petition; supplemental petitions are not

required by the statute and are governed entirely by the Customs regulations.  None of these

cases involves a failure to comply with a statutory requirement.  In contrast, one of the issues

presented by this case involves the statutory requirement in Section 592(b)(2) to issue a written

decision at the conclusion of a 19 U.S.C. § 1618 proceeding and a regulation, 19 C.F.R.

§ 171.21, which, in construing the statutory requirement, directs Customs to issue such written

decision if the petition contemplated by Section 592(b)(2) is submitted.  It also presents the

question of whether the United States may recover on a claim of an alleged Section 592 violation

that was not made in the only penalty notice that was issued according to the procedures the

statute and regulations require.[5]

        In summary, none of the cases plaintiff cites supports a conclusion that, on the facts of

this case as developed in the summary judgment proceeding, plaintiff may overcome the effect of

the procedural violation through a showing that Tip Top was not prejudiced thereby.  At this

stage of the case, the court need not decide the question of whether such a showing will suffice

because plaintiff, in seeking summary judgment, has not demonstrated that prejudice to Tip Top

did not occur.  Plaintiff argues that Tip Top has wholly failed to demonstrate prejudice to the

extent Tip Top's prejudice claim is not waived.  Pl.'s Reply 2-3.  The determination of whether

and to what extent prejudice to Tip Top occurred as a result of the procedural violation involves

questions of fact that have not been resolved, and the court disagrees that Tip Top, at this stage of

the litigation, already has waived an opportunity to establish prejudice.  One fact relevant to a

---

[5] The Court of International Trade previously has held that the United States may sue in
the Court of International Trade to recover on a Section 592 penalty claim only after perfecting
that same claim according to the procedures required by Section 592(b).  *United States v. Optrex*
*Am., Inc.*, 29 CIT 1494 (2005).

**Court No. 07-00171**                                                                                  **Page 14**

prejudice determination is plaintiff's admission that Customs continued the penalty proceeding in

September 2005 after reaching an administrative decision that the penalty claim was invalid.  *See*

Reconsideration Mot. 5.

### III.  CONCLUSION

The Reconsideration Motion must be denied because it fails to demonstrate that the court

erred in denying plaintiff's motion for summary judgment.

### ORDER

Upon consideration of all papers and proceedings herein, it is hereby

**ORDERED** that Plaintiff's Unopposed Motion for Leave to File Reply in Support of Its Motion for Reconsideration, be, and hereby is, GRANTED; it is further

**ORDERED** that plaintiff's reply is deemed filed; it is further

**ORDERED** that plaintiff's motion for partial reconsideration, as filed on February 12, 2010, be, and hereby is, DENIED; and it is further

**ORDERED** that counsel for both parties shall appear before the court for a conference on September 1, 2010, at 11:00 a.m. in Courtroom 3 of the James L. Watson Courthouse, United States Court of International Trade, New York, New York.  Counsel shall be prepared to discuss scheduling for the remainder of these proceedings and the preliminary identification of issues to be resolved at trial.  To assist the court in scheduling, the court requests that counsel advise the court of the status of their discussions, if any, directed to possible settlement of this matter.

/s/ Timothy C. Stanceu                    
Timothy C. Stanceu
Judge

Dated: August 13, 2010
        New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                        Deputy Clerk